Baolin Chen
Chen & Mu
1000 SW Broadway, Suite 2150
Portland, OR 97205
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **SnapNames.Com, Inc.**, an Oregon Corporation; **Sanjay Agarwal**, an individual; and **Nalini Agarwal**, an individual;<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**Michael Chertoff**, Secretary of the Department of Homeland Security of the States; **Emilio T. Gonzalez**, Director, United States Citizenship and Immigration Services; and **Evelyn Upchurch**, Nebraska Service Center Acting Director, United States Citizenship and Immigration Services,<br><br>　　　　　Defendants | No. '06--65 MO<br><br>**COMPLAINT FOR DECLARATORY AND MANDAMAS RELIEF** |

For their Complaint against Defendants, plaintiffs allege as follows:

**PARTIES**

1.

SnapNames.com, Inc. (the "Company"), is a duly incorporated Oregon corporation in good standing.

2.

Plaintiff Mr. Sanjay Agarwal is a citizen of India and legally present in the

COMPLAINT – Page 1

7439

United States under a valid H-1B visa.

3.

Plaintiff Mrs. Nalini Agarwal, wife of Mr. Sanjay Agarwal, is a citizen of India and legally present in the United States under a valid H-4 visa.

4.

Defendant Evelyn Upchurch is the Acting Director of the Nebraska Service Center(NSC), a regional office of United States Citizenship and Immigration Services(CIS). Ms. Upchurch is sued in her official capacity.

5.

Defendant Emilio T. Gonzalez is the Director of United States Citizenship and Immigration Services, a division of the Department of Homeland Security. Mr. Gonzalez is sued in his official capacity.

6.

Defendant Michael Chertoff is the Secretary of the Department of Homeland Security. As of January 12, 2006, the Department of Homeland Security is the agency responsible for implementing the Immigration and Nationality Act (the "Act"). Mr. Chertoff is sued in his official capacity.

**JURISDICTION**

7.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 701, et seq., as it arises under the Immigration and Nationality Act of 1990, 8 U.S.C. § 203 (b) (2) and (b) (3), the Administrative Procedures Act of 1996, U.S.C. Title 5, § 701, et seq., and the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

## VENUE

8.

28 U.S.C. § 1391(e), as amended, provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity, or under color of legal authority or that of any agency of the United States, the action may be brought in any judicial district in which any defendant resides. Plaintiffs, SnapNames.com, Inc., Mr. Sanjay Agarwal, Mrs. Nalini Agarwal, are residents of the District of Oregon; Defendant Citizenship and Immigration Services is an agency operating within the District of Oregon. Venue herein is therefore proper.

## FACTUAL BACKGROUND

9.

Mr. Sanjay Agarwal attended the University of Calcutta, India, from 1983 to 1986 and received a Bachelor of Commerce (Honours) degree. Mr. Sanjay Agarwal also attended the Institute of Chartered Accountants of India and completed three years of this higher education program during September, 1986 to November, 1989. Mr. Sanjay Agarwal took the final examination from the Institute of Chartered Accountants and earned a Certificate of Membership in 1990.

10.

The Chartered Accountancy was introduced in India in 1949, with the enactment of the Chartered Accountants Act, 1949. The Institute of Chartered Accountants of India was set up in that year as a statutory body to regulate the profession of chartered accountants.

The responsibilities of conducting the Chartered Accountancy degree course are vested with the Institute. This course involves a blend of theoretical education and practical training and equips a student with knowledge, ability, skills and other qualities required of a professional accountant. On successful completion of this three-year credit course and passing of the intermediate and final examinations, the student gains the Chartered Accountancy degree and becomes entitled to apply for membership of the Institute which would in turn entitle him to use the professional description of "Chartered Accountant" and start his public practice as a chartered accountant after complying with the rules in this regard. At his option, instead of starting the public practice, he can take up an employment that requires the knowledge and expertise of a professional accountant.

The Institute provides oral coaching, postal coaching and conducts examinations all over the country enabling students to qualify for the profession. The "Board of Studies" department of the Institute takes care of the accountancy curriculum including any revision of syllabi of the various courses periodically. It also oversees the performances of various Accredited Institutions, which has been authorized to impart oral coaching to chartered accountant students. It also monitors the progress of the students through various means over the period of course.

The Chartered Accountancy degree course involves a unique blend of compulsory three-year theoretical education and practical training. Completing the chartered accountancy course with passing of the final examination is also recognized by the Association of Indian Universities as the equivalent of a master's degree for

higher studies, Ph.D. programs. Many states in this country, including Oregon, will allow holders of Indian Certificate of Membership to take accountant license examinations.

11.

On or about May 20, 2000, a company called DecisionPoint Applications, Inc., Mr. Sanjay Agarwal's previous employer, filed Form ETA 750 Part A and Part B on behalf of Mr. Sanjay Agarwal with the Oregon Employment Department for an Application of Alien Employment Certification ("labor certification") for the position of Software Quality-Test Engineer with offered salary of $78,000.00.

12.

DecisionPoint Applications, Inc.'s minimum educational and general experience requirements for the position of Software Quality-Test Engineer were B.S. or foreign equivalent in computer science or accounting, plus five years related experience.

13.

After attempting to recruit U.S. workers to fill the Software Quality-Test Engineer position, no qualified or willing US applicants were identified.

14.

On or about July 25, 2000, because no U.S. workers were available to fill the position, and because DecisionPoint Applications, Inc. had fulfilled the requirements for applying for alien labor certification, the Seattle Regional Office of the United States Department of Labor (DOL) made the Final Determination and certified the DecisionPoint Applications, Inc.'s labor certification application for Mr. Sanjay Agarwal.

15.

On or about September 5, 2000, based on the certified labor certification issued by the DOL, DecisionPoint Applications, Inc. filed one I-140 second-preference visa petition on behalf of Mr. Sanjay Agarwal, requesting classification of Mr. Sanjay Agarwal under INA § 203(b)(2) as "a member of a profession holding an advanced degree", which requires a showing of a bachelor degree plus five years experience.

16.

As a part of the submission of the I-140 visa petition, DecisionPoint Applications, Inc. provided a credential evaluation report from a professional credential evaluation service, which indicated that Mr. Sanjay Agarwal had the equivalent of a US bachelor's degree in accounting.

17.

On or about November 3, 2000, NSC handed down its denial of the I-140 petition filed by DecisionPoint Applications, Inc. based on its determination that Mr. Sanjay Agarwal does not have "a baccalaureate degree or its foreign equivalent". NSC only considered Mr. Agarwal's three-year Commerce Degree and refused to consider Mr. Agarwal's Certificate of Membership at all as a professional or academic degree. According to NSC, the educational evaluators combined Mr. Agarwal's experience with his education in their credential evaluation reports.

18.

On or about November 27, 2000, DecisionPoint Applications, Inc. timely filed an appeal of NSC's denial of the I-140 visa petition with the Administrative Appeals Office ("AAO").

19.

On or about September 19, 2001, NSC held a conference with American Immigration Lawyers Association(AILA).  According to the Minutes reflecting that conference, NSC took the position that similar job description like that of Mr.Agarwal provided by DecisionPoint Applications, Inc. could qualify as "a skilled worker" under immigration law, if it fails to qualify for "a member of a profession holding an advanced degree".

20.

On or about February 1, 2002, Mr. Agarwal left DecisionPoint Applications, Inc. and started to work for the Company.

21.

On or about September 26, 2002.AAO dismissed DecisionPoint Applications, Inc. appeal and affirmed NSC's denial on the ground that Mr. Sanjay Agarwal does not have a baccalaureate degree or its foreign equivalent.

22.

On or about August 19, 2002, the Company filed Form ETA 750 part A and Part B with the Oregon Employment Department an Application for Alien Employment Certification ("labor certification') for the position of Senior Software QA Lead with offered salary of $95,000.00.

23.

The Company's minimum educational requirements for the position of Senior Software QA Lead were B.S. or foreign equivalent in computer science or accounting, plus five years related experience.

COMPLAINT – Page 7

24.

After attempting to recruit U.S. workers to fill the Senior Software QA Lead position, no qualified or willing US applicants were identified.

25.

On or about November 10, 2004, because no U.S. workers were available to fill the position, and because the Company had fulfilled the requirements for applying for alien employment certification, the San Francisco Regional Office of the United States Department of Labor(DOL) made the Final Determination and certified the Company's labor certification application for Mr. Sanjay Agarwal.

26.

On or about December 17, 2004, based on the certified labor certification issued by the DOL, the Company filed two I-140 visa petitions on behalf of Mr. Sanjay Agarwal. One I-140 Petition, second-preference petition, requested classification of Mr. Sanjay Agarwal under INA § 203(b)(2) as "a member of a profession holding an advanced degree". The other I-140 petition, third-preference petition, requested classification of Mr. Sanjay Agarwal under INA § 203(b)(3)(A)(i) as "a skilled worker".

27.

As a part of the submission of second-preference I-140 petition under INA § 203(b)(2), the Company provided four credential evaluation reports issued by four different professional agencies. All of them clearly stated that Mr. Agarwal has the equivalent of a US bachelor's degree in Accounting. The Company also submitted the Letter from Association of Indian Universities recognizing the Chartered Accountant

degree as the equivalent of a master's degree for higher studies, Ph. D. programs

28.

As a part of the submission of third-preference I-140 Petition under INA § 203(b)(3)(A)(i) as "a skilled worker", the Company provided NSC/AILA Conference's Minutes dated September 19, 2001 mentioned earlier in this Complaint.

29.

The reason the Company filed two I-140 visa petitions is that in case the NSC again denies the second-preference I-140 visa petition requesting classification under INA § 203(b)(2) as "a member of a profession holding an advanced degree" on the ground that Mr. Agarwal does not possess a foreign equivalent of a U.S. bachelor's degree, it can approve the third-preference I-140 visa petition based on INA § 203(b)(3)(A)(i) as "a skilled worker" per NSC/AILA Conference's Minutes dated September 19, 2001.

30.

On or about December 17, 2004, based on two I-140 visa petitions filed by the Company for Mr. Sanjay Agarwal, Mr. Sanjay Agarwal and Mrs. Nalini Agarwal concurrently filed I-485 applications for adjustment of status to US Permanent Residents.

31.

On or about June 13, 2005, NSC denied the two I-140 visa petitions filed by the Company for Mr. Sanjay Agarwal, and denied Mr. Sanjay Agarwal and Mrs. Nalini Agarwal's I-485 applications for adjustment of status to US Permanent Residents as well.

32.

NSC's denials of the second-preference I-140 visa petition requesting classification under INA § 203(b)(2) as "a member of a profession holding an advanced degree" and the third-preference I-140 visa petition requesting classification under INA § 203(b)(3)(A)(i) as "a skilled worker" were both based on its determination that Mr. Sanjay Agarwal does not have "a baccalaureate degree or its foreign equivalent". NSC only considered Mr. Agarwal's three-year Commerce Degree and refused to consider Mr. Agarwal's Certificate of Membership at all as a professional or academic degree. According to NSC, the educational evaluators combined Mr. Agarwal's experience with his education in their credential evaluation reports, although the Company had submitted letters from the educational evaluators clearly indicating that the evaluations were based on formal academic studies and they did not include Mr. Agarwal's experience in their evaluations reports.

33.

NSC's denials of Mr. Sanjay Agarwal and Mrs. Nalini Agarwal's I-485 applications for adjustment of status to US Permanent Residents directly derived from its denials of the two I-140 visa petitions filed by the Company.

34.

On or about July 13, 2005, the Company timely filed appeals of NSC's denial of the two I-140 visa petitions with the Administrative Appeals Office ("AAO"), which also served as Motions for Reconsideration with NSC.

35.

On or about October 11, 2005, NSC transferred the two I-140 appeals filed

by the Company to "AAO", thus officially refusing to reconsider its positions.

## STATUTORY AND REGULATORY FRAMEWORK

36.

Pursuant to INA § 204(b), 8 U.S.C. § 1154(b), "[a]fter an investigation of the facts in each case, and after consultation with the Secretary of Labor with respect to petitions to accord a status under section 1153 (b)(2) or 1153 (b)(3) of this title, the Attorney General shall, if he determines that the facts stated in the petition are true and that the alien in behalf of whom the petition is made is . . . eligible for preference under subsection (a) or (b) of section 1153 of this title, approve the petition and forward one copy thereof to the Department of State. The Secretary of State shall then authorize the consular officer concerned to grant the preference status."

### Statutes and Regulations Relating to "a member of a profession holding an advanced degree"

37.

Pursuant to INA § 203(b)(2)(A), 8 U.S.C. § 1153(b)(2)(A), "[v]isas shall be made available to …. "qualified immigrants who are members of the professions holding advanced degrees or their equivalent."

38.

Pursuant to 8 CFR 204.5(k)(2), "Advanced degree means any United States academic or professional degree or a foreign equivalent degree above that of baccalaureate. A United States baccalaureate degree or a foreign equivalent degree followed by at least five years of progressive experience in the specialty shall be considered the equivalent of a master's degree. If a doctoral degree is customarily

required by the specialty, the alien must have a United States doctorate or a foreign equivalent degree. "

39.

Pursuant to 8 CFR 204.5(k)(3)(i), "to show that the alien is a professional holding an advanced degree, the petition must be accompanied by: (A) An official academic record showing that the alien has an United States advanced degree or a foreign equivalent degree; or (B) An official academic record showing that the alien has a United States baccalaureate degree or a foreign equivalent degree, and evidence in the form of letters from current or former employer(s) showing that the alien has at least five years of progressive post-baccalaureate experience in the specialty. "

**Statutes and Regulations Relating to "Skilled Workers"**

40.

Pursuant to INA § 203(b)(3)(A), 8 U.S.C. § ll53(b)(3)(A), "[v]isas shall be made available.. . "to eligible skilled workers".

41.

Pursuant to 8 C.F.R. § 204.5(l)(2), "Skilled worker means an alien who is capable, at the time of petitioning for this classification, of performing skilled labor (requiring at least two years training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States. Relevant post-secondary education may be considered as training for the purposes of this provision."

42.

Pursuant to 8 C.F.R. § 204.5(l)(3)(ii)(B), "If the petition is for a skilled worker, the petition must be accompanied by evidence that the alien meets the

COMPLAINT – Page 12

educational, training, or experience, and any other requirements of the individual labor certification.... The minimum requirements for this classification are at least two years of training or experience."

### Statutes and Regulations Relating to "Professionals"

43.

Section 203(b)(3)(A)(ii) of the Act provides for the granting of preference classification to qualified immigrants who hold baccalaureate degrees and who are members of the professions.

44.

Pursuant to S C.F.R. § 204.5(I)(2), "Professional means a qualified alien who holds at least a United States baccalaureate degree or a foreign equivalent degree. and who is a member of the professions."

45.

Pursuant to 8 C.F.R. § 204.5(1)(3)(ii)(C), "If the petition is for a professional, the petition must be accompanied by evidence that the alien holds a United States baccalaureate degree or a foreign equivalent degree and by evidence that the alien is a member of the professions. Evidence of a baccalaureate degree shall be in the form of an official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study. To show that the alien is a member of the professions, the petitioner must submit evidence that the minimum of a baccalaureate degree is required for entry into the occupation."

### REQUEST FOR DECLARATORY AND MANDAMUS RELIEF

46.

Plaintiffs have not exhausted administrative remedies. However, plaintiffs' efforts to exhausted administrative remedies would be futile and inadequate because AAO has determined the similar issues against plaintiffs' positions. AAO actually denied Mr. Agarwal's second-preference petition filed by DecisionPoint. The issues there were exactly the same as the issues in the second-preference petition here filed by the Company. In addition, AAO would take a couple of years to make its decisions. That would cause problems for plaintiffs Mr. and Mrs. Agarwal to maintain valid status in this country.

47.

CIS is required to apply the law, and either approves the visa petitions, if the petitioners and beneficiaries qualify under the law, or deny the visa petitions, if a legal basis exists for such denial.

48.

The legal bases upon which CIS bases its denials of the Company's I-140 visa petitions for Immigrant Worker are incorrect and are not supported by the evidence on record in this case.

49.

Under a second-preference petition for "a member of a profession holding an advanced degree" by an employer for an alien worker, the employer is entitled to use professional evaluation reports to prove "a foreign equivalent degree" to a US academic or professional bachelor degrees.

50.

CIS's decision that Membership in the Institute of Chartered Accountants should not be considered as a foreign equivalent to a bachelor's degree in accounting is erroneous, as is against several professional evaluation reports based on extensive research and based on the fact that it takes Mr. Agarwal total six years of higher education to get the Certificate.

51.

The Company filed its third-preference I-140 visa petition as a "skilled worker," not "professional" case. The regulations for professional workers require evidence that the alien holds a U.S. or foreign equivalent degree. The regulations for skilled workers contain no such restrictive language. Under a third-preference skilled-worker petition by an employer for an alien worker, the employer is entitled to accept whatever foreign degree deemed by professional evaluation services as equivalent to a bachelor's degree. CIS does not have authority to impose its strained definition of "equivalent" on the Company. CIS's interpretation that the position that requires BS degree or foreign equivalent plus five years experience with offered salary of $95,000.00 does not meet statutory requirement of two years experience "skilled workers" is absurd.

## ATTORNEY FEES

52.

Pursuant to Equal Access to Justice Act, 28 USC § 2412(1994), plaintiffs are entitled to attorney fees incurred herein against defendants, as the government's position was not substantially justified.

**WHEREFORE**, Plaintiffs pray that the Court:

(1) Assume jurisdiction of this cause;

(2) Declare that Defendants' actions are an arbitrary and capricious abuse of discretion;

(3) Order Defendants to approve the Company's second-preference I-140 visa petition on behalf of Mr. Agarwal under INA § 203(b)(2) as a "a member of a profession holding an advanced degree";

(4) Order Defendants to approve the Company's third-preference I-140 visa petition on behalf of Mr. Agarwal under INA § 203(b)(3)(i) as "a skilled worker";

(5) Order Defendants to process and approve Mr. Sanjay Agarwal's I-485 Application for Adjustment of Status;

(6) Order Defendants to process and approve Mrs. Nalini Agarwal's I-485 Application for Adjustment of Status;

(7) Grant such other relief as may be just and appropriate, including costs, expenses and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 USC § 2412(1994).

DATED this 17th day of January, 2006

_____
Baolin Chen
Of Attorneys for Plaintiffs
OSB# 93232